IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

```
DERRICK ALLEN,                  )
                                )
            Plaintiff,          )
                                )
       v.                       )     1:19cv689
                                )
TED WIRE, et al.,               )
                                )
            Defendants.         )
```

**MEMORANDUM OPINION AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

This case comes before the undersigned United States Magistrate Judge for a recommendation on "Defendants' Motion to Dismiss" (Docket Entry 13) (the "Dismissal Motion"), which seeks dismissal of employment discrimination claims made by Plaintiff under Title VII of the Civil Rights Act of 1964 ("Title VII"), the Age Discrimination in Employment Act (the "ADEA"), the Fourteenth Amendment, and 42 U.S.C. § 1981 ("Section 1981") (see id. at 1). For the reasons that follow, the Court should grant in part and should deny in part the Dismissal Motion.

**BACKGROUND**

Plaintiff filed an application to proceed in forma pauperis (Docket Entry 1) (the "IFP Application") and a Complaint contending that he suffered workplace discrimination, wrongful termination, and retaliation because of his race, color, and gender/sex in violation of Title VII, and because of his age in violation of the ADEA. (See Docket Entry 2 at 3-4.) Plaintiff's Complaint also

asserts claims for discrimination, wrongful termination, and retaliation under Section 1981 and the Fourteenth Amendment. (See id. at 3.) The Complaint names Ted Wire,[1] Erik McConchie, Will Austin, Dave Sigmund, and Casey Humphries as Defendants. (See Docket Entry 2 at 1-3.)[2] As factual matter supporting its claims, the Complaint states the following:

> Caucasi[a]n Managers at Lynnwood Brewing and Concern are b[ia]sed against African-American employe[e]s such as [Plaintiff]. Because [Plaintiff is] an African[-]American male, [he] was required to do extra work outside [of his] job-- [his] job and other employees [sic] jobs -- which [C]aucasi[a]n workers [we]re not required to do. [Plaintiff's] work schedule was changed on short notice contrary to the schedule p[re]viously posted. When [Plaintiff] complained about differential treatment, the [C]aucasi[a]n managers belittled [him] and treated [him] like [he] was incapable of understanding them, ultimately firing [him]. They discriminated against an African-Americ[a]n male who stands up for himself. The only African[-]American [employees who were] treated better were the ones who acted gay.

(Id. at 5.)[3]

In addition, Plaintiff submitted a charge of discrimination on a charge form from the Equal Employment Opportunity Commission (the "EEOC") (see id. at 8-9), and, according to the Complaint, the EEOC

---

1 The Dismissal Motion and related memorandum note that both "[t]he Complaint and Summons misname 'Edwin Dwyer' as [Defendant] 'Ted Wire.'" (Docket Entry 13 at 1; accord Docket Entry 14 at 1.)

2 The Complaint lists Defendant "Casey Humphries" in its caption, but fails to include him in its list of parties. (Compare Docket Entry 2 at 1, with id. at 2-3.)

3 The Complaint offers a nearly identical statement of facts on the preceding page. (See Docket Entry 2 at 4.)

sent Plaintiff a notice-of-right-to-sue letter, which Plaintiff received on July 9, 2019 (id. at 5). Per Plaintiff's EEOC charge form, he was "hired as a dishwasher in early May 2019," and, "[d]uring [that] employment, [he] was subjected to disparate terms and conditions of employment in that [w]hite kitchen managers required [him] to complete duties that were not assigned to white dishwashers." (Id. at 8.) Plaintiff's EEOC charge form further provides, "specifically, [that he] was required to complete tasks that the 10pm ending shift failed to complete[, and] . . . to transport dishes to the rack and cook line." (Id.) Lastly, the EEOC charge form asserts that, "[o]n or about June 26, 2019, [Plaintiff] was discharged by Eric LNU ([w]hite) after a verbal disagreement with Will Austin ([w]hite), Kitchen Manager." (Id.)

Through his Complaint, Plaintiff has sought "to be compensated for being discriminated against [] because of [his] race and sexual orientation[, h]arassment, retaliation, termination of employment, and unequal terms of employment." (Id. at 6.) In addition, Plaintiff has requested "back[]pay for [his] wrongful discharge, lost [] wages, . . . [damages due to] mental anguish, and punitive damages for the defendants' discriminatory treatment of [A]frican-[A]merican[] employees." (Id.)

Defendants moved to dismiss the Complaint "pursuant to Rules 12(b)(1) and (6) of the Federal Rules of Civil Procedure . . . for lack of subject matter jurisdiction and for failure to state a

3

claim upon which relief can be granted." (Docket Entry 13 at 1.) Plaintiff opposed dismissal. (See Docket Entry 16 at 2-3.)[4]

## DISCUSSION

### I. Motion to Dismiss Standards

#### A. Rule 12(b)(1) Standard

A party may contest the Court's subject matter jurisdiction. See Fed. R. Civ. P. 12(b)(1) ("Rule 12(b)(1)"). "When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff." Richmond, Fredericksburg & Potomac R.R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991). However, the United States Court of Appeals for the Fourth Circuit has also explained that, "when a defendant asserts that the complaint fails to allege sufficient facts to support subject matter jurisdiction, the trial court must apply a standard

---

[4] Prior to any judicial action on the Dismissal Motion, Plaintiff filed a Notice of Appeal. (See Docket Entry 20.) The United States Court of Appeals for the Fourth Circuit dismissed that appeal. (See Docket Entries 25, 26.) Plaintiff sought en banc review, but the Fourth Circuit denied that request (see Docket Entry 29) and issued the mandate (see Docket Entry 30). "In the absence of a recall of the mandate or a stay . . ., th[is] Court [i]s entitled to exercise the jurisdiction it acquired upon the issuance of the mandate from th[e appellate c]ourt." United States v. DiLapi, 651 F.2d 140, 144 (2d Cir. 1981); accord Johnson v. Bechtel Assocs. Prof'l Corp., D.C., 801 F.2d 412, 415 (D.C. 1986). Plaintiff has filed a certiorari petition (see Docket Entry 31), "[b]ut the filing of a petition for certiorari does not automatically stay proceedings in the [d]istrict [c]ourt to which a mandate . . . has issued," United States v. Eisner, 323 F.2d 38, 42 (6th Cir. 1963).

4

patterned on *Rule 12(b)(6)* and assume the truthfulness of the facts alleged." Kerns v. United States, 585 F.3d 187, 193 (4th Cir. 2009) (italics in original).

"On the other hand, when the defendant challenges the veracity of the facts underpinning subject matter jurisdiction, the trial court may go beyond the complaint, conduct evidentiary proceedings, and resolve the disputed jurisdictional facts." Id. Nonetheless, the Fourth Circuit has stated that, "when the jurisdictional facts are inextricably intertwined with those central to the merits, the court should resolve the relevant factual disputes only after appropriate discovery, unless the jurisdictional allegations are clearly immaterial or wholly unsubstantial and frivolous." Id.

### B. Rule 12(b)(6) Standard

A motion under Rule 12(b)(6) of the Federal Rules of Civil Procedure (the "Rules") tests the sufficiency of a complaint, but "does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). Thus, "claims lacking merit may be dealt with through summary judgment under Rule 56" rather than through a Rule 12(b)(6) motion. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002). Accordingly, in reviewing a motion to dismiss, the Court must "accept the facts alleged in the complaint as true and construe them in the light most favorable to the plaintiff." Coleman v. Maryland Ct. of App., 626 F.3d 187,

5

189 (4th Cir. 2010), aff'd sub nom., Coleman v. Court of App. of Md., 566 U.S. 30 (2012). The Court must also "draw all reasonable inferences in favor of the plaintiff." E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc., 637 F.3d 435, 440 (4th Cir. 2011) (internal quotation marks omitted). Moreover, a pro se complaint must "be liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted); but see Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (explaining that the Fourth Circuit has "not read *Erickson* to undermine [the] requirement that a pleading contain more than labels and conclusions" (internal quotation marks omitted)).

In ruling on a Rule 12(b)(6) motion, "a court evaluates the complaint in its entirety, as well as documents attached or incorporated into the complaint." E.I. du Pont, 637 F.3d at 448. Generally, a "court cannot go beyond these documents" without "convert[ing] the motion into one for summary judgment," an action from which courts should refrain "where the parties have not had an opportunity for reasonable discovery. Additionally, statements by counsel that raise new facts constitute matters beyond the pleadings and cannot be considered on a Rule 12(b)(6) motion." Id. at 448-49 (citation omitted).

To survive a Rule 12(b)(6) motion, a complaint must contain sufficient factual allegations "to state a claim to relief that is

6

plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  To qualify as plausible, a claim needs sufficient factual content to support a reasonable inference of the defendant's liability for the alleged misconduct.  Id. (citing Twombly, 550 U.S. at 556).  A complaint need not contain detailed factual recitations, but must provide the defendant "fair notice of what the claim is and the grounds upon which it rests."  Twombly, 550 U.S. at 555 (internal quotation marks and alteration omitted). Thus, although a plaintiff must allege sufficient facts "to state all the elements of h[is] claim," E.I. DuPont, 324 F.3d at 765, he need not plead facts constituting a prima facie case of discrimination to survive a motion to dismiss, Swierkiewicz, 534 U.S. at 511.

## II. Subject Matter Jurisdiction

Defendants first have moved for dismissal based on lack of subject matter jurisdiction. (See Docket Entry 13 at 1; see also Docket Entry 14 at 7-9.)  More specifically, Defendants have argued that "the Court lacks jurisdiction to hear Plaintiff's Title VII and ADEA claims because Plaintiff's [EEOC charge form] identified Lynnwood, Brewing and Concern as his employer; and did not allege that any of the individual Defendants were his employer."  (Id. at 8 (internal citation and quotation marks omitted).)  According to Defendants, "because none of the Defendants were the respondent

7

named in the charge[,] the Court lacks subject matter jurisdiction over Plaintiff's ADEA and Title VII claims." (Id. at 9 (quotation marks omitted).) Plaintiff has responded that [t]his [C]ourt does have jurisdiction to hear this case, because [the] Complaint involves a federal question in accordance with Title 28[,] United States Code[,] Section 1331." (Docket Entry 16 at 2-3.)

In a recent decision, the Supreme Court found the following:

> Title VII's charge-filing requirement is not of jurisdictional cast. Federal courts exercise jurisdiction over Title VII actions pursuant to 28 U.S.C. § 1331's grant of federal-question jurisdiction, and Title VII's own jurisdictional provision . . . . Separate provisions of Title VII . . . contain the Act's charge-filing requirement. Those provisions do not speak to a court's authority or refer in any way to the jurisdiction of the district courts.

Fort Bend Cty. v. Davis, U.S. , , 139 S. Ct. 1843, 1850 (2019) (internal citations omitted). Therefore, contrary to Defendants' argument, "a plaintiff's failure to exhaust h[is] administrative remedies before filing a Title VII claim does not strip a court of jurisdiction" and, as such, "whether [a] plaintiff has satisfied the exhaustion requirement is not properly assessed under Rule 12(b)(1)." Rodgers v. COMSO, Inc., Civ. Action No. 19-3268, 2020 WL 1663134, at *3 (D. Md. Apr. 3, 2020) (unpublished) (citing Davis, U.S. at , 139 S. Ct. at 1846); see also Hui Minn Lee v. Market Am., Inc., No. 1:18CV1046, 2020 WL 1274226, at *5 (M.D.N.C. Mar. 17, 2020) (unpublished) (finding that "[t]he Supreme Court recently held that 'Title VII's charge-filing

instruction is not jurisdictional'" (quoting Davis, ___ U.S. at ___, 139 S. Ct. at 1846)); Hodge v. Walrus Oyster Ale House, Civ. Action No. 18-3845, 2019 WL 6069114, at *3 (D. Md. Nov. 15, 2019) (unpublished) (holding that "the reasoning of *Davis* applies equally to [the analogous ADEA exhaustion requirement] and therefore compels the conclusion that it, too, is non-jurisdictional" (citing Davis, ___ U.S. at ___, 139 S. Ct. at 1849-51) (italics in original)).

"Rule 12(b)(1) is thus an improper vehicle through which to enforce the exhaustion requirements of both Title VII and the ADEA. The Court will instead treat Defendants' arguments regarding [Plaintiff's] purported failure to exhaust as raised under Rule 12(b)(6)." Hodge, 2019 WL 6069114 at *3 (citing Stewart v. Iancu, 912 F.3d 693, 701-02 (4th Cir. 2019)).

### III. Failure to State a Claim

#### A. Title VII and ADEA Claims

"Before a plaintiff can bring an action under Title VII . . . or the ADEA, the plaintiff must first exhaust his administrative remedies with the EEOC." Sarteh v. Youth Focus, Inc., No. 1:08CV113, 2008 WL 11355352, at *4 (M.D.N.C. Dec. 17, 2008) (unpublished) (ellipses and brackets in original omitted), recommendation adopted, 2009 WL 10680180 (M.D.N.C. Feb. 23, 2009) (unpublished) (Beaty, J.). "A plaintiff's EEOC charge defines the scope of h[is] subsequent right to institute a civil suit." Smith

9

v. First Union Nat'l Bank, 202 F.3d 234, 247 (4th Cir. 2000). Further, "[u]nder Title VII and the ADEA, a civil action may be brought only against the respondent named in the charge. The purposes of this requirement include putting the charged party on notice of the complaint and allowing the EEOC to attempt reconciliation." Causey v. Balog, 162 F.3d 795, 800 (4th Cir. 1998) (internal citation and quotation marks omitted).

According to the Complaint, Plaintiff filed a charge with the EEOC on July 9, 2019 (see Docket Entry 2 at 8), and, thereafter, the EEOC sent Plaintiff a notice-of-right-to-sue letter, which Plaintiff received on July 9, 2019 (see id. at 5).[5] Plaintiff asserted his EEOC charge solely against "Lynnwood, Brewing and Concern." (Id. at 8.) As Defendants have correctly contended, "[b]ecause the Defendants were not joined as respondents in the EEOC's administrative proceedings they were not put on notice that they could be individually liable and were denied the opportunity to attempt reconciliation." (Docket Entry 14 at 8-9.)

Moreover, Title VII and the ADEA provide a cause of action against only employers, not supervisors or fellow employees. See,

---

[5] Plaintiff failed to submit a notice-of-right-to-sue letter. (See generally Docket Entry 2; see also Docket Entries dated July 12, 2019, to present.) The Complaint alleges (implausibly) that, on July 9, 2019, (i) Plaintiff submitted his EEOC charge form, (ii) the EEOC received the EEOC charge form, (iii) the EEOC investigated his allegations of discrimination, (iv) the EEOC mailed him a notice-of-right-to-sue letter, and (v) he received the letter. (See Docket Entry 2 at 5; see also id. at 8.)

10

e.g., Birkbeck v. Marvel Lighting Corp., 30 F.3d 507, 510-11 (4th Cir. 1994) (rejecting individual liability under ADEA); Lissau v. Southern Food Serv., Inc., 159 F.3d 177, 180 (4th Cir. 1998) ("observ[ing] that Title VII is the ADEA's closest statutory kin" and, "[t]hus, reading Title VII to foreclose individual liability"); Blakney v. North Carolina A&T State Univ., No. 1:17CV874, 2019 WL 1284006, at *7 (M.D.N.C. Mar. 20, 2019) (unpublished) (finding that "[e]mployees, even supervisory ones, are not liable in their individual capacities for ADEA or Title VII violations") (citing Birkbeck, 30 F.3d at 510-11 (ADEA), and Lissau, 159 F.3d at 178 (Title VII)). The EEOC charge form incorporated into the Complaint expressly identifies "Lakewood Brewing and Concern" as Plaintiff's employer (see Docket Entry 2 at 8); however, the Complaint fails to name that entity as a defendant, instead naming only individuals as Defendants. (See id. at 1-3). Plaintiff thus has failed to state a Title VII or ADEA claim against Defendants.[6]

---

[6] Additionally, neither the Complaint nor the EEOC charge form provide any allegations regarding Plaintiff's claims of age discrimination under the ADEA aside from the conclusory assertion in the EEOC charge form that "[Plaintiff] believes that [he] ha[s] been discriminated against because of his . . . age (40), in violation of . . . the . . . ADEA." (Docket Entry 2 at 8 (quotation marks omitted).) Nor does the Complaint present adequate factual matter to sustain a Title VII sex discrimination claim. (See id. at 1-9.)

11

B. Fourteenth Amendment Claims

Next, Defendants properly have pointed out that because "Plaintiff has not alleged that Defendants were state actors, nor . . . that [they] were otherwise acting under color of law or participating in a joint action with the State or its agents . . . Plaintiff's claims arising under the Fourteenth Amendment fail as a matter of law." (Docket Entry 14 at 11.)

"There is no question that state action is a threshold issue in a Fourteenth Amendment Claim." Deberry v. Davis, No. 1:08CV582, 2009 WL 3228061, at *4 (M.D.N.C. Sept. 30, 2009) (unpublished) (internal citation and brackets omitted). "This means that the 'party charged with the deprivation under that amendment must be a person who may fairly be said to be a state actor.'" Id. (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937 (1982) (brackets in original omitted)). Put another way, "[t]he person charged must either be a state actor or have a sufficiently close relationship with state actors such that a court would conclude that the non-state actor is engaged in the state's actions." DeBauche v. Trani, 191 F.3d 499, 506 (4th Cir. 1999).

Here, Plaintiff has asserted claims against four private persons. (See Docket Entry 2 at 1-3.) Importantly, the Complaint contains no factual matter suggesting that any Defendant (1) works as a state official, (2) acted in concert with a state official, or

12

(3) violated Plaintiff's rights under compulsion of a state official. (See id. at 1–9.)

Accordingly, Defendants' alleged conduct qualifies as private, rather than state, action. See DeBauche, 191 F.3d at 507 (explaining that "private activity will generally not be deemed 'state action' unless the state has so dominated such activity as to convert it into state action"). As such, the Court should grant the Dismissal Motion as to any Fourteenth Amendment claims.

### C. Rule 8 – Failure to Comply with Pleading Requirements

Defendants have also argued that "Plaintiff's *pro se* [C]omplaint fails to comply with Rule 8 because it lacks short and plain statements showing that Plaintiff is entitled to the relief under various statutes invoked therein." (Docket Entry 14 at 5.)[7]

As a general matter, Defendants failed to adequately support this argument for dismissal by providing only restated portions of the Complaint. (See id. at 5-7.) At the argument's conclusion, Defendants then "emphasize[d] that Plaintiff has failed to identify which of the named Defendants violated each of the various statutory and Constitutional causes of action alleged in the Complaint; and how." (Id. at 7 (emphasis omitted).) In fact, the Complaint alleges that he suffered race discrimination at the hands of "Caucasi[a]n Managers" (Docket Entry 2 at 4-5), and that each

---

7 Defendants also contended that "Plaintiff[] fail[ed] to comply with Rule[ 10]" (Docket Entry 14 at 7); however, Defendants did not develop that argument (see id. at 5-7).

13

Defendant serves in a management capacity (see id. at 2-3 (identifying Defendants as "Owner," "General Manager," and "Kitchen Manager[s]").

Moreover, Plaintiff proceeds pro se and

> the Fourth Circuit has a long practice of liberally construing the pleadings of *pro se* plaintiffs. A complaint filed by a *pro se* plaintiff, 'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.' Erickson, 551 U.S. at 94 . . . .
>
> . . . Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" so as to "give the defendant fair notice of what the claim is and the grounds upon which it rests." Twombly, 550 U.S. at 555. . . . Fair notice is provided by setting forth enough facts for the complaint to be "plausible on its face" and "raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id.

Harris v. Guilford Cty. Sheriff's Office, No. 1:18CV519, 2019 WL 568589, at *2 (M.D.N.C. Feb. 12, 2019) (unpublished) (some internal citations omitted) (ellipses in original omitted).

In the brief supporting the Dismissal Motion, Defendants cited a previous holding from this Court that "'[p]rinciples requiring generous construction of *pro se* complaints are not [] without limits.'" (Docket Entry 14 at 5 (quoting El-Bey v. North Carolina, No. 1:13CV285, 2014 WL 691580, at *2 (M.D.N.C. Feb. 21, 2014) (unpublished) (dismissing complaint after concluding that pro se plaintiff "ha[d] fallen well short of the requisite Rule 8 pleading standards")).) However, in that case, the Court made that ruling

14

after also determining that, "[e]ven liberally construed, [the p]laintiff's vague ramblings and nonsensical claims [we]re so incomprehensible no defendant could possibly [have] be[en] expected to defend th[at] action." El Bey, 2014 WL 691580, at *2.

Conversely, here, although brief, the Complaint's allegations do not consist of "vague ramblings and nonsensical claims," id., but rather assert understandable (albeit in some respects deficient) causes of action under Title VII, the ADEA, the Fourteenth Amendment, and Section 1981. (See Docket Entry 2 at 5.) In addition, the Complaint adequately sets forth the relief requested. (See id. at 6.) Under these circumstances, the Court should decline to dismiss the Complaint for failure to satisfy pleading standards under Rule 8, particularly given the liberal construction due pro se plaintiffs.

### D. Section 1981 Claims

Defendants' challenge to the Complaint's Section 1981 disparate treatment claims relies on the improper contention that dismissal must result because "Plaintiff has failed to allege facts that would establish a prima facie case for disparate treatment under. . . Section 1981." (Docket Entry 14 at 13.) As previously discussed, Plaintiff need not plead facts constituting a prima

15

facie case of discrimination to survive a motion to dismiss. See Swierkiewicz, 534 U.S. at 511.[8]

Likewise, the Court should reject Defendants' demand for dismissal because the "Complaint fails to identify any appropriate comparators that are alleged to be similar in all relevant respects to Plaintiff" (Docket Entry 14 at 14). Although the Complaint and related EEOC charge form provide only limited information regarding Defendants' preferential treatment of "[C]aucasi[a]n workers" (Docket Entry 2 at 4-5) and "white dishwashers" (id. at 8), the Fourth Circuit has held that "evidentiary determinations regarding whether the comparators' features are sufficiently similar to constitute appropriate comparisons generally should not be made at [the motion to dismiss stage]," Woods v. City of Greensboro, 855 F.3d 639, 650 (4th Cir. 2017).

Lastly, "Defendants do not raise any other basis for dismissal of Plaintiff's [Section 1981 retaliation] claims, and do not address the sufficiency of the allegations or the merits of Plaintiff's [retaliation] claims under [Section 1981]. Therefore,

---

8 "[T]he plaintiff in *Swierkiewicz* asserted claims under Title VII . . . and the [ADEA] . . . . [I]t logically follows that [courts] employ *Swierkiewicz*'s pleadings approach to [Section 1981] claims as well." Maduka v. Sunrise Hosp., 375 F.3d 909, 912 (9th Cir. 2004); see also Body by Cook, Inc. v. State Farm Mut. Auto. Ins., 869 F.3d 381, 387 n.1 (5th Cir. 2017) (recognizing that "[p]laintiffs do not need to satisfy [prima facie case] elements to successfully plead a § 1981 claim"); Dolgaleva v. Virginia Beach City Pub. Sch., 364 F. App'x 820, 827 (4th Cir. 2010) (citing Swierkiewicz in reversing dismissal of "claim[s] under Title VII and § 1981").

16

this Court [need] make[] no findings regarding the validity or merits of Plaintiff's [Section 1981 retaliation] claims." Mabry v. W. & S. Life Ins. Co., No. 1:03CV848, 2005 WL 1167002, at *6 (M.D.N.C. Apr. 19, 2005) (unpublished).

In sum, the Court should deny the Dismissal Motion as it relates to Plaintiff's Section 1981 claims.[9]

Plaintiff's Title VII, ADEA, and Fourteenth Amendment claims all fail as a matter of law, but his Section 1981 claims should proceed.

## CONCLUSION

**IT IS THEREFORE RECOMMENDED** that the Dismissal Motion (Docket Entry 13) be granted in part and denied in part, in that the Court should dismiss the Title VII, ADEA, and Fourteenth Amendment claims, but not the Section 1981 claims.

/s/ L. Patrick Auld
L. Patrick Auld
United States Magistrate Judge

August 10, 2020

---

[9] Defendants rightly have reasoned that Plaintiff's Section 1981 claims "cannot be predicated upon color, gender/sex, or age." (Docket Entry 14 at 11 (internal citation and brackets omitted).) Section 1981 provides "a federal remedy against discrimination in private employment on the basis of race." Johnson v. Ry. Express Agency, Inc., 421 U.S. 454, 459-60 (1975) (emphasis added). As such, Plaintiff cannot assert a Section 1981 claim on the basis of any other characteristic, such as color, age, or gender.

17